## DOAR RIECK KALEY & MACK
ATTORNEYS AT LAW

JOHN DOAR (1921-2014)
JOHN JACOB RIECK, JR.
JOHN F. KALEY
WALTER MACK
JAMES R. DeVITA

OF COUNSEL
EILEEN MINNEFOR
JAMES I. WASSERMAN
MICHAEL MINNEFOR

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website: www.doarlaw.com

January 22, 2016

**By ECF**
Hon. Denise L. Cote
United States District Judge
500 Pearl Street
New York, NY 10007

Re: <u>United States v. Arthur Budovsky, Docket No. 13 Cr. 368 (DLC)</u>

Dear Judge Cote:

      At the final pretrial conference held on Friday, January 15, 2016, the Court invited the parties to propose preliminary instructions, if they so wished, to be given to the jury in advance of opening statements . We disagree with the proposed charge and the Government's reasoning that a more extensive preliminary charge is needed. Indeed, the Government's proposed language will serve to confuse the jury at this time as it is only a truncated version of the elements of each offense and what the Government must prove. The Government had consulted with Defense counsel and Defense counsel had objected to the Government's proposed preliminary instructions. Attached hereto is the Defense's red-lined version of the Government's proposed preliminary instructions noting the portions to which the Defense objects.

Respectfully submitted,

/s/ J. F. Kaley

John F. Kaley
Donna Newman

cc:    All Counsel (via ECF filing)

## U.S. v. Arthur Budovsky
## 13 Cr. 363 (DLC)

### Government's Proposed Preliminary Instructions

I am now going to tell you a little bit about the law that you will eventually have to apply to the facts as you find them. These are only preliminary and summary instructions. They are designed to help you evaluate the evidence as you hear and see it in light of what you will be asked to decide after you have heard all of the evidence. The final instructions that I will give you at the end of the trial will contain more details about the applicable law. To the extent that there are any differences between my preliminary instructions and the final instructions at the end of the trial, the final instructions will be controlling.

The Government has charged the defendant, Arthur Budovsky, in three counts. All of the charges stem from the defendant's alleged operation of a digital currency business known as "Liberty Reserve." The Government has the burden of proving every element of each crime charged beyond a reasonable doubt.

Count One charges that, in operating Liberty Reserve, the defendant conspired with others to launder criminal proceeds – specifically proceeds from online investment fraud schemes, trafficking in stolen credit card information, identity theft, and computer hacking. ~~In order to sustain its burden of proof on this charge, the Government must prove a number of elements. In particular, the~~ Government must show: first, that the defendant agreed with others to conduct financial transactions; second, that those transactions involved proceeds from at least one of the types of criminal offenses I just described; third, that the defendant knew the transactions involved proceeds from some form of unlawful activity, though he need not have known what specific unlawful activity; and fourth, that the defendant knew the transactions were designed to ~~conceal or disguise the nature, location, source, ownership or control of those proceeds.~~

Count Two charges that, in operating Liberty Reserve, the defendant conspired with others to run an unlicensed money transmitting business. ~~In order to sustain its burden of proof on this charge, the Government must show that the defendant agreed with others to operate a money~~ transmitting business, and that the business operated unlawfully, in either of two ways. The Government must show *either* that the business was subject to federal registration requirements and failed to comply with those requirements *or* that the business otherwise involved the transmission of funds that the defendant knew were derived from a criminal offense or were ~~intended to be used to promote or support unlawful activity.~~

Count Three charges that, in operating Liberty Reserve, the defendant himself ran an unlicensed money transmitting business – regardless of whether he agreed with others to do so. ~~In order to sustain its burden of proof on this charge, the Government must show that the defendant operated~~ a money transmitting business that was unlawful in one of the ways I just described, in ~~explaining Count Two.~~

~~As to each of the crimes charged, there are other elements that the Government must prove, but~~ for now that gives you an idea of some of the things you will be asked to decide at the end of the trial. Keep in mind that ~~these are only preliminary instructions.~~ I will give you complete ~~instructions at the end of the trial and those instructions will control your deliberations.~~

~~At the conclusion of the trial I will explain, in detail, what the Government must prove in order to convict the defendant. For the moment,~~ I will just ask you to remember throughout the trial that the defendant is presumed innocent and the Government has the burden of proving guilt beyond a reasonable doubt. The indictment against the defendant is only an accusation, it is not proof of guilt or anything else. The defendant starts with a clean slate and it keeps that clean slate throughout the trial until you retire to deliberate. The burden of proof remains on the Government throughout the case. I will tell you more when I instruct you at the conclusion of the trial concerning the Government's burden of proof and the defendant's presumption of innocence.

For the moment, I will just say that this burden means that a defendant and his lawyer need not present any evidence in the case if they choose not to do so. They can sit in silence throughout all of these proceedings without ever saying a word and you can draw no inference against the defendant. You cannot find a defendant guilty unless and until you are unanimously convinced beyond a reasonable doubt of his guilt based on the evidence in the case.