UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA,                    13-CR-368 (DLC)

v.

ARTHUR BUDOVSKY,
               Defendant.
-------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE ALL MENTION OF HIS SEXUAL ORIENTATION.

Dated: January 27, 2016
    New York, NY

Donna R. Newman, Esq.
Law Office of Donna Newman, PA
20 Vesey St., Ste. 400
New York, NY 10007
(212) 229-1516
donnanewmanlaw@aol.com


John Kaley, Esq.
Doar Rieck Kaley & Mack
217 Broadway, Ste. 707
New York, NY 10007
(212) 619-3730
(212) 962-5037 (F)
jkaley@doarlaw.com

*Attorneys for Arthur Budovsky*

## PRELIMINARY STATEMENT

Defendant Arthur Budovsky respectfully moves to preclude all mention of his sexual orientation at trial. Mr. Budovsky's sexual orientation is not relevant to the issues to be resolved at this trial; and if it is of any limited relevance, the probative value of his sexual orientation is outweighed by the prejudice to Mr. Budovsky. *See* Federal Rules of Evidence Rules 401 & 403.

## APPLICABLE LAW

Under the Federal Rules, only "relevant" evidence is admissible at trial as proof of guilt. "Irrelevant evidence is not admissible." Fed.R.Evid. 402. Evidence is relevant only if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence and (b) the fact is of consequence in determining the action." Fed.R.Evid. 401. Even if it is relevant, evidence must be excluded if its potential for unfair prejudice substantially outweighs its probative value. *See* Fed.R.Evid. 403. "Evidence is unfairly prejudicial when 'it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence.'" *United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011) (quoting *United States v. Massino*, 546 F.3d 123, 132 (2d Cir. 2008) (internal quotation marks in *Massino* omitted). Evidence should be excluded if it has the potential "to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997); *see also United States v. Quattrone*, 441 F.3d 153, 186 (2d Cir. 2006) (in the context of a Rule 404(b) analysis, unfair prejudice "must be unfair in the sense that it could unduly inflame the passion of the jury, confuse the issues before the jury, or inappropriately lead the jury to convict on the basis of conduct not at issue in the trial") (citation omitted).

"To avoid acting arbitrarily, the district court must make a conscientious assessment of whether unfair prejudice substantially outweighs probative value," *United States v. Scott*, 677 F.3d 72, 84 (2d Cir. 2012) (internal citation omitted), and should "consider the possible effectiveness of a jury instruction and the availability of other means of proof in making a Rule 403 determination," *United States v. Dupree*, 706 F.3d 131, 138 (2d Cir. 2013) (internal citation omitted). In this regard, it is instructive that several courts have found references to a defendant's sexual orientation prejudicial and improper. *See, e.g., Neill v. Gibson*, 278 F.3d 1044, 1066-67 (10th Cir. 2001) (discussing societal prejudice and noting that "The openly gay defendant . . . finds himself at a disadvantage from the outset of his prosecution."); *United States v. Birrell*, 421 F.2d 665, 666 (9th Cir. 1970) (per curiam) (reversing conviction because prosecutor's comments "invited conviction irrespective of innocence of the crime charged, upon the ground that appellant was a homosexual").

## **DISCUSSION**

Evidence of Mr. Budovsky's sexual orientation should be precluded at trial because it is not relevant, and even if it has some minor relevance, the probative value of its admission is far outweighed by the unfair prejudice to Mr. Budovsky that would arise from its introduction into the jury's considerations at trial. *See* Fed.R.Evid. 401 & 403.

At the January 15, 2016 final pretrial conference, the Government claimed that its witnesses should be permitted to testify that Mr. Budovsky had boyfriends because it is the truth. It is likewise the truth that cooperating witness Vladimir Kats possessed thousands of images of young, even preteen boys engaged in explicit sexual activity with older men and with each other. It is also the truth that the pornographic images that Mr. Kats possessed depicted violent sexual acts perpetrated against these young boys. Nonetheless, the Court ruled that the Defense was

precluded from introducing either the number of images Mr. Kats possessed or what those images depicted. The Court ruled that the probative value of these details was outweighed by the unfair prejudice to the Government. Evidently, the Government's proffered criterion of "truth" is not the yardstick to be used in determining admissibility.

The Government also asserted at the January 15, 2016 final pretrial conference that it should be permitted to introduce evidence that Mr. Budovsky used his boyfriend as a nominee in order to conceal his ownership of Liberty Reserve. But the identity of the individual that Mr. Budovsky used as a nominee, if, in fact, he did, is not probative as to Mr. Budovsky's criminal intent. The issue is whether he attempted to conceal his ownership for any criminal purpose, not whether he used a particular individual to do so.

Moreover, even if the court determines that the identity of the individual used as a nominee is proper information to put before the jury, there is no reason that the boyfriend cannot be described as a "close personal friend" or in similar non-sexual terms in order to avoid conscious or unconscious prejudice to Mr. Budovsky. It is unfortunately still the case that homosexual individuals are routinely subject to bias in all corners of society. *See, e.g.*, Richard A. Posner, *Sex and Reason* 291 (1992) ("The history of social policy toward homosexuals in Western culture since Christ is one of strong disapproval, frequent ostracism, social and legal discrimination, and at times ferocious punishment."). According to the Federal Bureau of Investigation's *Hate Crimes Statistics* for 2014, the latest year available, 18.6% of all hate crimes were motivated by sexual orientation bias and 1.8% were motivated by gender identity bias.[1] Of the 1,248 victims of sexual orientation-related hate crimes in 2014, 703 were male.[2] Seventy-

---

[1] https://www.fbi.gov/news/stories/2015/november/latest-hate-crime-statistics-available/latest-hate-crime-statistics-available
[2] https://www.fbi.gov/about-us/cjis/ucr/hate-crime/2014/tables/table-1

eight of the 1,178 offenses were reported in New York City.[3]  To argue, therefore, that the defendant is at no risk of unfair prejudice if his sexual orientation is made a topic of discussion at trial ignores the extent to which societal bias against homosexuals (and homosexual males, in particular) still exists even in this District.

In conducting its conscientious assessment of the relative probative value and unfair prejudice in this case, the Court should consider the alternative forms of proof available to the Government. There is no reason that the sexual relationship cannot be omitted from the evidence. It is common practice to instruct witnesses on limitations to their testimony.  In this case, where the point is simply that Mr. Budovsky used another individual's name rather than disclose his alleged ownership in Liberty Reserve, the fact of why he chose the particular individual that he did is immaterial.

---

[3] https://www.fbi.gov/about-us/cjis/ucr/hate-crime/2014/tables/table-13/table-13-state-cuts/table_13_new_york_hate_crime_incidents_per_bias_motivation_and_quarter_by_agency_2014.xls

4

## **CONCLUSION**

For all of these reasons, the Court should preclude evidence of Mr. Budovsky's sexual orientation at trial.

Dated: January 27, 2016
       New York, NY

Respectfully submitted,

_____/s/_____
Donna R. Newman, Esq.
Law Office of Donna Newman, PA
20 Vesey St., Ste. 400
New York, NY 10007
(212) 229-1516
donnanewmanlaw@aol.com


_____/s/_____
John Kaley, Esq.
Doar Rieck Kaley & Mack
217 Broadway, Ste. 707
New York, NY 10007
(212) 619-3730
(212) 962-5037 (F)
jkaley@doarlaw.com

*Attorneys for Arthur Budovsky*

Cc: All Counsel of Record via ECF & Email