USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/2/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x
                                            :
UNITED STATES OF AMERICA                CONSENT PRELIMINARY ORDER OF
                                            :   FORFEITURE AS TO SPECIFIC
                                                  PROPERTY/MONEY JUDGMENT
           -v.-                       :
                                                  13 Cr. 368 (DLC)
ARTHUR BUDOVSKY,
    a/k/a "Arthur Belanchuk,"
    a/k/a "Eric Paltz,"                 :

               DEFENDANT.        :
- - - - - - - - - - - - - - - - - - -x

        WHEREAS, on or about May 28, 2013, ARTHUR BUDOVSKY, a/k/a "Arthur Belanchuk," a/k/a "Eric Paltz" (the "defendant"), was charged in a three-count Indictment, 13 Cr. 368 (DLC) (the "Indictment"), with conspiracy to commit money laundering, in violation of Title 18, United States Code, Section, 1956(h) (Count One); conspiracy to operate an unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371 (Count Two); and operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Sections 1960 & 2 (Count Three);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Three, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of all property, real and personal, involved in the offenses charged in Counts One and Three of the Indictment and all property traceable to such property;

        WHEREAS, on or about January 29, 2016, the defendant pled guilty to Count One of the Indictment and admitted the forfeiture

allegation with respect to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the defendant agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in the offense charged in Count One of the Indictment and all property traceable to such property including (i) a sum of money equal to $122 million in United States currency; and (ii) all right, title and interest of the defendant in the "Specific Properties" (defined below) as set forth in this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment;

WHEREAS, the defendant consents to (i) the entry of a money judgment in the amount of $122 million in United States currency (the "Money Judgment") representing the amount of property involved in the offense charged in Count One of the Indictment and all property traceable to such property;

WHEREAS, the defendant further consents to the forfeiture of all his right, title and interest in the following properties;

a. Any and all assets on deposit in the following accounts, and any and all property traceable to the following accounts:

|    | Account Name    | Bank          | Country    | Account Number |
|----|-----------------|---------------|------------|----------------|
| 1. | Liberty Reserve | Banco Credito | Costa Rica | 101527143      |
| 2. | Liberty Reserve | Banco Credito | Costa Rica | 101527141      |
| 3. | Liberty Reserve | Banco Credito | Costa Rica | 101527144      |

| | | | | |
|---|---|---|---|---|
| 4. | Liberty Reserve | Banco Credito | Costa Rica | 308-301-3083200 |
| 5. | Liberty Reserve | Banco Credito | Costa Rica | 302-301-302107678 |
| 6. | W.E.B.S.A. | Banco Credito | Costa Rica | 308-301-3083202 |
| 7. | Liberty Reserve | Grupo Mutual Alajuela | Costa Rica | 140-305-803301217563 |
| 8. | Liberty Reserve | Grupo Mutual Alajuela | Costa Rica | 140-305-803301218849 |
| 9. | Liberty Reserve | Grupo Mutual Alajuela | Costa Rica | 140-305-803301218988 |
| 10. | Liberty Reserve | Banco Lafise | Costa Rica | 110024084 |
| 11. | Worldwide e-Commerce Business SA | Banco Nacional | Costa Rica | 100021546003625 |
| 12. | Grupo Lulu | Banco BAC San Jose | Costa Rica | 912049962 |
| 13. | Arthur B. Belanchuk | Attijariwafa Bank | Morocco | MA00781000044670004100 1887 |
| 14. | Azzeddine El Amine | Attijariwafa Bank | Morocco | MA00781000044650004602 8825 |
| 15. | Kelsin Antonio Varela Figueroa | Banque Marocaine de Commerce Exterieur (BMCE) | Morocco | MA001178000004849600 0892395 |
| 16. | Ahmed Yassine | Banque Marocaine de Commerce Exterieur (BMCE) | Morocco | MA001178000004820500 0892589 |
| 17. | Extension Asia Limited | Bank of Communications | Hong Kong | 532-9-312438-5 |
| 18. | Technocash Limited 032078 USD Currency Account | Westpac Banking Corporation | Australia | 034702814055 |


| | | | | |
|---|---|---|---|---|
| 19. | Technocash Limited | Westpac Banking Corporation | Australia | 032024037023 |
| 20. | Arthur Budovsky | Barclays Bank | Spain | 0065 1157 0021000973 |
| 21. | Arthur Budovsky | Barclays Bank | Spain | 0065 1157 0021000981 |
| 22. | Arthur Budovsky | Barclays Bank | Spain | 1157112703424154 |
| 23. | Arthur Budovsky | Barclays Bank | Spain | 0065-1157-13-0023000385 |
| 24. | Arthur Budovsky | Barclays Bank | Spain | 0011575322000213 |
| 25. | Arthur Budovsky | Barclays Bank | Spain | 0011575323000285 |
| 26. | Arthur Budovsky | Hellenic Bank | Cyprus | 240-01-510649-01 |
| 27. | Arthur Budovsky | Hellenic Bank | Cyprus | 240-07-510649-01 |
| 28. | Arthur Budovsky | Hellenic Bank | Cyprus | 240-20-510649-01 |
| 29. | Travertine Ltd. | Hellenic Bank | Cyprus | 240-01-521212-01 |
| 30. | Travertine Ltd. | Hellenic Bank | Cyprus | 240-07-521212-01 |
| 31. | Travertine Ltd. | Hellenic Bank | Cyprus | 240-20-521212-01 |
| 32. | Marania Ltd. | Hellenic Bank | Cyprus | 240-01-521214-01 |
| 33. | Marania Ltd. | Hellenic Bank | Cyprus | 240-07-521214-01 |
| 34. | Marania Ltd. | Hellenic Bank | Cyprus | 240-20-521214-01 |
| 35. | Makelina Limited | Hellenic Bank | Cyprus | 240-07-539613-01 |
| 36. | Makelina Limited | Hellenic Bank | Cyprus | 240-01-539613-01 |
| 37. | Manueta Limited | Hellenic Bank | Cyprus | CY5800500240000240075 3771401 |
| 38. | Unida Limited | Cyprus Development Bank PC | Cyprus | CY45014002010101010005029010 |

| | | | | |
|---|---|---|---|---|
| 39. | Azzeddine El Amine | Hellenic Bank | Cyprus | 240-07-568225-01 |
| 40. | Milomeri Ltd. | Hellenic Bank | Cyprus | 240-01-619816-01 |
| 41. | Milomeri Ltd. | Hellenic Bank | Cyprus | 240-07-619816-01 |
| 42. | Masfiloti Ltd. | Hellenic Bank | Cyprus | 240-01-619815-01 |
| 43. | Masfiloti Ltd. | Hellenic Bank | Cyprus | 240-07-619815-01 |
| 44. | Palodia Ltd. | Hellenic Bank | Cyprus | 240-01-569416-01 |
| 45. | Palodia Ltd. | Hellenic Bank | Cyprus | 240-07-569416-01 |
| 46. | Gardinia Ltd. | Hellenic Bank | Cyprus | 240-01-577867-01 |
| 47. | Gardinia Ltd. | Hellenic Bank | Cyprus | 240-07-577867-01 |
| 48. | Lorys Ltd. | Hellenic Bank | Cyprus | 240-01-575911-01 |
| 49. | Lorys Ltd. | Hellenic Bank | Cyprus | 240-07-575911-01 |
| 50. | Elano Consulting Limited | National Bank of Greece | Cyprus | 100004781803 |
| 51. | WebData Inc. | SunTrust Bank | United States | 1000049971780 |
| 52. | Robix Services Inc. | Rietumu Bank | Latvia | LV69 RTMB 0000608806731 |

    b.    any and all of the following property:

        1.    Vesting 124 te 2141 MD Vijfhuizen, Nederland, kadastraal bekend gemeente Haarlemmermeer, sectie AC, complexaanduiding 1359 A, appartementenindex 51, uitmakende het eenhonderd drieentwintig I zevenduizend zeshonderd achtenvijftigste (123/7.658ste) onverdeeld aandeel in de gemeenschap, bestaande uit het gebouw genaamd "Vesting 5Huizen" met ondergrond, omvattende zesenzestig (66) woningen negenendertig (39) bergingen en tachtig (80) parkeerplaatsen, ten tijde van de splitsing in appartementsrechten, kadastraal bekend gemeente Haarlemmermeer, sectie AC, nummer 1356, groot twee en dertig are elf centiare (32.11 are).

5

(Translation: Vesting 124, 2141 MD, Vijfhuizen, Netherlands, cadastral municipality of Haarlemmermeer, section AC, complex designation 1359 A, apartment index 51 constituting the one hundred twenty-three / seven thousand six hundred fifty-eighth (123 / 7,658ste) undivided share in the community, consisting of the building called "Vesting 5Huizen" the foundation with sixty-six (66) houses, thirty-nine (39) storage units, and eighty (80) parking spaces, at the time of the division into condos, known in the registry as Haarlemmermeer, section AC, number 1356, measuring thirty-two thousand and eleven square meters (3,211 square meters));

2. Vesting 78, 2141 MD, Vijfhuizen, Nederland, kadastraal bekend gemeente Haarlemmermeer, sectie AC, nummer 1359 A-76, uitmakende het het appartementsrecht, rechtgevende op het uitsluitend gebruik van de woning met balkon gelegen op de eerste verdieping van na te melden gebouw, uitmakende het een en zestig/zevenduizend zeshonderd acht en vijftigste (61/7.658ste) onverdeeld aandeel in de gemeenschap en het appartementsrecht, recht gevende op het uitsluitend gebruik van de parkeerplaats, behorende bij het hiervoor omschreven appartementsrecht en gelegen in de kelder van het onderstaande gebouw, kadastraal bekend gemeente Haarlemmermeer, sectie AC nummer 1359 A-76, uitmakende het drie en twintig/zevenduizend zeshonderd acht en vijftigste (23/7.658ste) onverdeeld aandeel in de hiervoor omschreven gemeenschap aandeel in de gemeenschap bestaande uit: zes en zestig woningen, negen en dertig bergingen en tachtig parkeerplaatsen ten tijde van de splitsing kadastraal bekend gemeente Haarlemmermeer, sectie AC, nummer 1356, groot 0 hectare 32 are 11 centiare.

(Translation: Vesting 78, 2141 MD, Vijfhuizen, Netherlands, cadastral municipality of Haarlemmermeer, section AC, number 1359 A-76, to constitute condo ownership, giving right to the exclusive use of the dwelling with balcony located on the first floor of the aforementioned building, constituting sixty-one / seven thousand six hundred and fifty-eight (61 / 7,658ste) undivided share in the community and the condo, giving right to the exclusive use of the parking area belonging to the condo described above and located in the basement of the mentioned building, cadastral municipality Haarlemmermeer section AC No. 1359 A -76, constituting twenty-three / seven thousand six hundred and fifty-eight (23 / 7,658ste) undivided share in the above-described community consisting of sixty-six homes, thirty-nine storage spaces, and eighty parking spaces at the

time of the split known in the registry as Haarlemmermeer, AC section, number 1356, measuring 3,211 square meters);

3. Finca # 1-326288-000 ubicada en Costa Rica, San José, Escazú, San Rafael, Bello Horizonte arriba, 200 metros sur de los tanques del AYA, cédula jurídica 3-101-448089.

   (Translation: Property # 1-326288-000 located in Costa Rica, San Jose, Escazu, San Rafael, Bello Horizonte up, 200 meters south of the tanks of the AYA, judicial certificate 3-101-448089);

4. Finca # 1-228682-000 ubicada en Costa Rica, San José, Escazú, San Rafael, de la sub-estación del ICE 150 metros norte, casa esquinera a lado derecha, con muro color gris, con piedra café, con reja color marrón, cédula jurídica 3-101-482413.

   (Translation: Property # 1-228682-000 located in Costa Rica, San Jose, Escazu, San Rafael, 150 meters North of the sub-station of the ICE, corner house on the right hand side, with wall grey, with brown stone, with brown grating, legal ID 3-101-482413);

5. Finca # 1-518488-000 ubicada en Costa Rica, San José, Escazú, San Rafael, de la sub-estación del ICE 150 metros norte, 15 metros al oeste, se encuentra ubicada contiguo a la vivienda de Grupo Santillana Yamural, ésta se encuentra a nombre de 3-102-618923 Sociedad de Responsabilidad Limitada.

   (Translation: Property # 1-518488-000 located in Costa Rica, San Jose, Escazu, San Rafael, 150 meters north of the sub-station of the ICE, 15 meters to the West, is located adjacent to the dwelling of Grupo Santillana Yamural, is on behalf of 3-102-618923 limited liability company);

6. Finca # 1-225782-000 ubicada en Costa Rica, San José, Escazú, San Rafael, de la sub-estación del ICE 150 metros norte, 125 metros oeste, lote a mano izquierda, la cual se encuentra a nombre de Ufta Deda S.A. cédula jurídica 3-101-435126.

   (Translation: Property # 1-225782-000 located in Costa Rica, San Jose, Escazu, San Rafael, 150 meters north of the sub-station of the ICE, 125 meters west, lot on the left, which is in the name of Ufta Deda S.A. legal ID 3-101-435126);

7. Finca # 1-605546-000 / 1-605547-000 / 1-605548-000 ubicadas en Costa Rica, San José, Escazú, San Rafael, de la sub-estación del ICE 150 metros norte, las cuales se encuentran a nombre de 3-102-575822 Sociedad de Responsabilidad Limitada. Consta de tres lotes juntos.

   (Translation: Property # 1-605546-000 / 1-605547-000 /1-605548-000 located in Costa Rica, San Jose, Escazu, San Rafael, 150 meters north of the sub-station of the ICE, which are on behalf of 3-102-575822 limited liability company. It consists of three lots together); and

8. Finca # 1-403624-000 ubicada en Costa Rica, San José, Santa Ana, del Restaurante el Restribo 100 metros oeste, 150 metros sur, la cual se encuentra a nombre de Corporación Lubamyra Love S.A. cédula jurídica 3-101-506508.

   (Translation: Property # 1-403624-000 located in Costa Rica, San Jose, Santa Ana, 100 meters west of the Restribo Restaurant, 150 meters South, which is on behalf of Corporation Lubamyra Love S.A. 3-101-506508 legal identity).

((a)(1)-(52) and (b)(1)-(8), collectively, the "Specific Properties");

WHEREAS, the defendant agrees that the Specific Properties are forfeitable to the United States because the Specific Properties are property involved in the offense charged in Count One of the Indictment and/or property traceable to such property;

WHEREAS, pursuant to the Federal Rules of Criminal Procedure 32.2(b)(4)(A), the Defendant consents to this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment becoming final as to his interests upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of

Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Properties to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorney Christine Magdo, of counsel, Assistant Attorney General, Criminal Division, Leslie Caldwell, Chief, Asset Forfeiture and Money Laundering Section M. Kendall Day, Trial Attorney Kevin Mosley, of counsel, and the defendant, and his counsel, John Francis Kaley, Esq., and Donna R. Newman, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the defendant pled guilty, a Money Judgment in the amount of $122 million in United States currency shall be entered against the defendant. Upon the entry of a Final Order of Forfeiture as to the Specific Property, the Specific Property shall be applied towards the satisfaction of the Money Judgment.

2. As a result of the commission of the offense charged in Count One of the Indictment, to which the defendant pled guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853. The defendant agrees that he will not file

a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Properties and will not assist anyone else in doing so.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, ARTHUR BUDOVSKY, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Department of Treasury (or its designee), and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One Saint Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and pursuant to Title 21, United States Code, Section 853, the United States Department of Treasury (or its designee) shall be authorized to deposit the payments on the Money Judgment in the Treasury Assets Forfeiture Fund,

and the United States shall have clear title to such forfeited property.

6.  Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, the United States Department of the Treasury (or its designee) is authorized to seize the Specific Properties and hold the Specific Properties in its secure, custody and control.

7.  Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment. Any person, other than the defendant in this case, claiming an interest in any of the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent

of the petitioner's right, title and interest in any of the Specific Properties and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

11. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents

and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

13. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Jason H. Cowley, Chief, Money Laundering and Asset Forfeiture Unit, One Saint Andrew's Plaza, New York, New York, 10007.

14. The signature pages of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____          1/29/2016
    CHRISTINE MAGDO                            DATE
    Assistant United States Attorney
    One Saint Andrew's Plaza
    New York, NY 10007
    (212) 637-2297

LESLIE CALDWELL
Assistant Attorney General
Criminal Division

[SIGNATURES CONTINUE ON FOLLOWING PAGE]

So ordered.

_____
2/1/16

M. KENDALL DAY
Chief, Asset Forfeiture and Money
Laundering Section

By: _____    1/29/2016
    KEVIN MOSLEY                       DATE
    Trial Attorney
    1400 New York Avenue
    Washington, D.C. 20005
    (202) 598-2801


ARTHUR BUDOVSKY
DEFENDANT

By: _____    1/29/16
    ARTHUR BUDOVSKY                    DATE

By: _____    1/29/16
    JOHN FRANCIS KALEY, ESQ.           DATE
    Attorney for Defendant
    Doar, Riek, Kaley & Mack
    217 Broadway, Suite 707
    New York, NY 10007

By: _____    1/29/16
    DONNA R. NEWMAN, Esq.              DATE
    Attorney for Defendant
    Law Office of Donna Newman, PA
    20 Vesey Street, Suite 400
    New York, NY 10007


SO ORDERED:


_____         _____
HONORABLE DENISE L. COTE                DATE
UNITED STATES DISTRICT JUDGE