UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                      :
UNITED STATES OF AMERICA,             :    13cr00368 (DLC)
                                      :
            -v-                       :    ORDER
                                      :
ARTHUR BUDOVSKY,                      :
                  Defendant.          :
                                      :
-------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/5/2016

DENISE COTE, District Judge:

Sentence is scheduled for Friday, May 6, 2016 at 2:00 p.m. On May 4, defense counsel wrote to request that a document entitled "Defense Version of Offense Conduct" be included in the final Presentence Report ("PSR"), either in its body or as an Addendum. The PSR explains that the Offense Conduct section in the PSR was provided by the Government. The Defense Version is a twenty-eight page document and, among other things, specifically addresses facts in 20 separate passages in the Offense Conduct section of the PSR. Of those 20 passages, the Defense Version appears to dispute the facts recited in only six passages of the PSR's Offense Conduct section. The remainder of the discussion in the Defense Version attempts to create the appearance of a dispute with the Government where none exists (including by mischaracterizing specific wording in the PSR), or adds additional detail or argument that the defendant believes is helpful to him.

The six disputes the Court has identified are the following:

(1) PSR ¶ 19: "In late 2012, [LR] handled a transactional volume of over $300,000,000 per month, a significant portion of which came from users in the United States."
Def. Version at 12: "[F]rom 2009 to 2013, LR had only two months where the transactional volume exceeded $300,000,000.00. It was not an every month occurrence, as the Government suggests."

(2) PSR ¶ 22: "All totaled, Budovsky netted over $25 million in profits from his criminal activity."
Def. Version at 12: "[T]he defense has seen no evidence that Budovsky personally netted over $25 million in profits as the PSR asserts in ¶ [22]. . . . [A] good deal of that money was frozen. For these reasons, it is our view that Budovsky himself did not personally benefit in the amount claimed by the Government and recited in the PSR."

(3) PSR ¶¶ 34-35: Describes Budovsky's participation in a 1999 fake 501(c)(3) charity money laundering and tax fraud scheme as well as a no-fault auto insurance fraud that took place from 2000-2003.[1]
Def. Version at 16: Budovsky "denies participating in" the "unrelated frauds" from 1999-2005 described in the PSR.

(4) PSR ¶ 38: Lists several statements that were attributed to Budovsky during a 2002 "interview" that Kats posted to a website called PlanetGold to promote LR's launch. The PSR states that Budovsky and Kats worked on the "interview" together.
Def. Version at 18: Budovsky alleges that this interview is a "fiction" and "entirely Kats' creation. . . . [T]he statements attributed to Budovsky by Kats on the PlanetGold site were never made by Budovsky."

---

[1] The Government's documentary evidence regarding the fake charity, United Support for Humanity, is found in GX-502A and 502B. These exhibits include 501(c)(3) incorporation papers signed by Budovsky and a screen shot of the charity's website where Budovsky identifies himself as the founder and chairman.

2

(5) PSR ¶ 64: "As to their other businesses, including their digital currency exchange businesses, they remained 50/50 partners with respect to some of them and others were divvied up between them."
Def. Version at 26: "Budovsky gave up any interest in any other ventures in which he and Kats had been partners" after Budovsky bought Kats out of LR.

(6) PSR ¶ 82: "In early 2010, Budovsky proposed to El Amine that they work together to create a HYIP website." Paragraphs 84 and 85 of the PSR describe Budovsky's role as the decision-maker in establishing HYIPs with El Amine.
Def. Version at 30: "The idea to create HYIPs was El Amine's. Budovsky was aware of El Amine's activities, did nothing to stop them and, indeed, encouraged them."

Accordingly, it is hereby

ORDERED that the defendant shall inform the Government by May 6 at 10:00 a.m. whether he wishes a Fatico hearing to be held to resolve any of these six identified disputes, or any other issue connected with the sentence.

IT IS FURTHER ORDERED that the defendant shall file by May 6 at 10:00 a.m. a letter identifying any other passage in the PSR's Offense Conduct section which the defendant believes the Defense Version directly contradicts.

Dated:   New York, New York
         May 5, 2016

                                    _____
                                         DENISE COTE
                                    United States District Judge

3