```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :
                    Plaintiff,           :
                                         :     13 CR 368-4
             -v-                         :       (DLC)
                                         :
ARTHUR BUDOVSKY,                         :     MEMORANDUM
                    Defendant.           :     OPINION AND
                                         :       ORDER
                                         :
----------------------------------------X
```

DENISE COTE, District Judge:

On December 5, 2023, defendant Arthur Budovsky moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the Sentencing Guidelines. The defendant is not eligible for a reduction of his sentence and the motion is denied.

## Background

On January 29, 2016, Budovsky pleaded guilty to one count of conspiracy to commit money laundering. Budovsky operated an international money-laundering operation that processed over $8 billion globally. The operation was designed to be used by cyber criminals.

The defendant's Sentencing Guidelines range was 360 months' to life imprisonment, based on an offense level of 42 and a criminal history category of II. The defendant received one criminal history point under U.S.S.G. § 4A1.1(c) for a prior

conviction in state court and two points under U.S.S.G. § 4A1.1(d) because the defendant was on probation at the time he committed the federal offense. The defendant's offense, however, carried a statutory maximum sentence of 20 years. The Probation Department recommended a sentence of 240 months' imprisonment; the defendant sought a sentence of 120 months' imprisonment; and the Government requested a Guidelines sentence. On May 6, 2016, Budovsky was sentenced principally to a term of 240 months' imprisonment.

On December 5, 2023, the defendant filed a motion requesting a sentence reduction pursuant to Amendment 821 to the Sentencing Guidelines. The amendment went into effect on November 1, 2023 and applies retroactively. On January 12, 2024, the United States Probation Department issued a report indicating that the defendant is not eligible for a sentence reduction. On January 26, 2024, the Government filed an opposition to Budovsky's motion for a sentence reduction. Budovsky is scheduled to be released from custody on October 23, 2029.

## Discussion

A judgment of conviction is ordinarily final. Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced

to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive.  United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced."  United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010).  If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.G. § 1B1.10.  Martin, 974 F.3d at 136 (citation omitted).  Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government.  United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021).  A

reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding.  <u>Dillon</u>, 560 U.S. at 827.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  <u>See</u> U.S.S.G. § 1B1.10(d).  Among other changes, Amendment 821 modified the calculation of criminal history points under U.S.S.G. §4A1.1(d) for those who committed the offense of conviction while under a criminal justice sentence including while on probation ("status points").  As relevant here, the amendment removed the status points assessed to defendants with six or fewer criminal history points as calculated under U.S.S.G. § 4C1.1.  Amendment 821 was informed by studies of criminal history points that found that status points are "relatively common" in cases where defendants received at least one criminal history point, and that while an offender's criminal history is "strongly associated with the likelihood of future recidivism," status points "add little to the overall predictive value associated with the criminal history score."  U.S.S.G. App. C, Amendment 821, Reason for Amendment.

Budovsky received one criminal history point for a prior conviction in state court and two additional status points because he was on probation at the time he committed the instant offense, yielding a Criminal History Category of II.  Amendment

4

821 removes the two status points and retroactively brings his Criminal History Category to I. This reduction, however, does not lower Budovsky's Guidelines range of 360 months' to life imprisonment.

Budovsky is not eligible for a sentence reduction pursuant to Amendment 821. Budovsky was originally sentenced to a term of 240 months' imprisonment, which is below his guidelines range as revised by Amendment 821.

## Conclusion

Budovsky's December 5, 2023 motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) is denied.

Dated:   New York, New York
         April 18, 2024

```
                              _____
                                    DENISE COTE
                              United States District Judge
```